UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 24-03293-WDK (DFM) | Date: | June 18, 2024 |
|---|---|---|---|
| Title | Rigoberto Luna Luna v. Warden | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge | |
|---|---|---|
| Nancy Boehme | | Not Present |
| Deputy Clerk | | Court Reporter |
| Attorney(s) for Plaintiff(s): | | Attorney(s) for Defendant(s): |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order to Show Cause

On April 19, 2024, Petitioner Rigoberto Luna Luna, a federal prisoner proceeding pro se, filed a habeas petition pursuant to 28 U.S.C. § 2241. See Dkt. 1 ("Petition"). Petitioner is currently serving a 120-month sentence for violating 21 U.S.C. § 841(A)(1), B(1)(A), and 21 U.S.C. § 846, Drug Conspiracy and Unlawful Use of a Communications Facility. See id. at 13. Petitioner asserts that the Federal Bureau of Prisons ("BOP") has wrongfully deemed him ineligible for First Step Act ("FSA") earned time credits because he is subject to a final order of deportation. See id. at 1-3. Petitioner attached a "Notice of Intent to Issue a Final Administrative Removal Order" as well as a "Final Administrative Removal Order." See id. at 5-7.

Rule 4 allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases; see also Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983) (Rule 4 "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated").

The FSA, enacted into law in December 2018, made several changes to the duration of federal prison sentences. See Pub. L. No. 115-391, 132 Stat. 5194 (2018); see also 18 U.S.C. §§ 3631 et seq. Among other things, the FSA required the BOP to create an incentive system to allow inmates to complete recidivism reduction programs and earn time credits to reduce their sentences. See 18 U.S.C. § 3632(d). However, certain prisoners are statutorily ineligible to apply earned time credits, including, as relevant here, inmates who are subject to a final order of removal:

> "A prisoner is ineligible to apply time credits under subparagraph (C) if the prisoner is the subject of a final order of removal under any provision of the immigration laws

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

(as such term is defined in section 101(a)(17) of the Immigration and Nationality Act (8 U.S.C. § 1101(a)(17)))."

18 U.S.C. § 3632(d)(4)(E)(i). As such, Petitioner appears to be statutorily ineligible for earned time credits under the FSA and cannot obtain the relief he seeks by his Petition. See Hernandez v. Birkholz, No. 23-7747, 2024 WL 628229, at *2 (C.D. Cal. Jan. 5, 2024) (collecting cases and concluding that petitioner "is subject to a final order of removal and therefore ineligible for time credits under the First Step Act").

Petitioner references the BOP's "Program Statement" and asserts that his time credits "must be applied." Petition at 2. On February 6, 2023, the BOP issued Change Notice 5410.01 to remove the language in the prior policy that prohibited prisoners subject to detainers from applying FSA credits. "As a result of Change Notice 5410.01, federal prisoners subject to immigration detainers are no longer automatically prohibited from applying their earned time credits." Alatorre v. Derr, No. 22-00516, 2023 WL 2599546, at *5 (D. Haw. Mar. 22, 2023). Change Notice 5410.01 is of no help to Petitioner, who is not subject to a detainer but a final order of removal.

Petitioner is therefore ORDERED TO SHOW CAUSE, within twenty-one (21) days of the date of this Order, why the Petition should not be denied because Petitioner is statutorily ineligible for earned time credits under the FSA. Failure to respond to this Order may result in a recommendation of dismissal for failure to prosecute.